UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHARLES WANG,

    Petitioner,

vs.

Probation DAVID PULIDO, et al.,

    Respondents.
                             /

No. C 10-1453 PJH (PR)

**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST**

      This is a habeas case brought pro se by a state prisoner.  Petitioner's amended petition is reviewed here.  The amended petition is directed to a revocation of probation.  Petitioner has paid the filing fee.

      An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court.  *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  Petitioner has the burden of pleading exhaustion in his habeas petition.  *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

      Petitioner alleges that the California Court of Appeal "dismissed" his appeal in 2008, as did the California Supreme Court in 2009.  He says he has not filed any other petitions, applications or motions in any court with respect to the probation revocation at issue here.  Despite petitioner's reference to his appeal having been dismissed, the California Court of Appeal issued an opinion on the merits.  *See People v. Wang*, No. H033411, 2009 WL

2415755 at *2 (Cal. App. Aug. 7, 2009).  In its opinion, the court of appeal mentions only one issue, sufficiency of the evidence.  In his amended petition here, petitioner presents six issues.  Because it appears that only one was raised on direct appeal, and because petitioner says that he has not filed any other actions directed to this probation revocation, some or all of the present issues must be unexhausted.  At a minimum, he has not adequately pleaded that they *are* exhausted.  *Cartwright*, 650 F.2d at 1104.

      Within thirty days of the date this order is entered petitioner shall show cause why this petition should not be dismissed for failure to exhaust.  If he does not, the case will be dismissed.

**IT IS SO ORDERED.**

Dated:  July 9, 2010.

                PHYLLIS J. HAMILTON
                United States District Judge

P:\PRO-SE\PJH\HC.10\WANG1453.OSC-P.wpd