UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHARLES WANG,

        Petitioner,                       No. C 10-1453 PJH (PR)

  vs.                                      **ORDER TO SHOW CAUSE**

EDMUND G. BROWN, JR., California Attorney General,

        Respondent.
_____ /

        This is a habeas case filed pro se by a state prisoner. It is directed to a revocation of probation on August 25, 2008.

        It appeared from petitioner's allegations in the petition that he had not exhausted his state court remedies before filing here, so the court issued an order for petitioner to show cause why the case should not be dismissed for failure to exhaust. He has responded. He says that he had a habeas petition in the California Supreme Court that he did not mention in the petition. The court has confirmed this on the supreme court's website. This is sufficient at this stage of the case to allow the case to proceed.

**REVIEW OF PETITION**

**A.   Standard of Review**

        This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody

pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

As grounds for federal habeas relief, petitioner asserts that:  (1) his due process rights were violated by delays in holding the probation revocation hearing; (2) his due process and Eighth Amendment rights were violated by the delay and a hearing that was a procedure intended to convict; (3) the delay in providing the transcript violated his speedy trial rights; (4) his counsel was ineffective; (5) his Eighth Amendment rights were violated by the loss of documents in his transfer from San Quentin to Pelican Bay; and (6) his appellate counsel was ineffective.  These issues are sufficient to require a response.

**B.    Respondent**

The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254).  This person typically is the warden of the facility in which the petitioner is incarcerated.  *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

The "'state officer having custody'" also may include "'the chief officer in charge of state penal institutions.'"  *Ortiz-Sandoval*, 81 F.3d at 894 (quoting Rule 2(a) advisory committee's note).  The California Director of Corrections therefore may be named as the respondent without destroying personal jurisdiction.  *See id.* at 896.  Where the petitioner is

on probation or parole, he may name his probation or parole officer "and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." *Id.* In other cases, the petitioner may name the state attorney general. *Id.; Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997).

Petitioner names as respondents "Probation [officer] David Pulido, Public Defender J. Alvarez, Attorney Joy Maulitz, Elmwood Chief[] Flores, Judge K. Barnum, state Attorney General, Governor of California, State Corrections, et al." Although it is unclear what petitioner's current status is – it appears that he no longer is incarcerated, and he may be on probation again – one of the respondents he names by title, the attorney general, is pretty certainly a proper respondent. The other respondents therefore will be dismissed and the case will proceed with Attorney General Edmund G. Brown, Jr., as respondent. If any party believes that he is not the proper respondent, that party shall file a motion to substitute the correct one.

**CONCLUSION**

1. All respondents except the attorney general are **DISMISSED** as respondents.

2. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent, the Attorney General of the State of California.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court

3

and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

     5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August 27, 2010.

                                  PHYLLIS J. HAMILTON
                                  United States District Judge

P:\PRO-SE\PJH\HC.10\WANG1453.EXH.wpd