United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHARLES WANG,

Petitioner,

vs.

EDMUND G. BROWN, JR., California Attorney General,

Respondent.
_________________________________/

No. C 10-1453 PJH (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus case filed pro se by a former state prisoner pursuant to 28 U.S.C. § 2254, regarding his probation revocation. The court ordered respondent to show cause why the writ should not be granted. Respondent filed an answer and a memorandum of points and authorities in support of it, and lodged exhibits with the court. Petitioner responded with a traverse. For the reasons set out below, the petition is denied.

**BACKGROUND**

The specific facts of the underlying offense are not relevant for this federal petition, but in July 2006, petitioner was convicted of inflicting corporal injury on a spouse. Respondent's Answer ("Answer") at 2. The trial court suspended imposition of a sentence and placed petitioner on probation for three years. *Id*. On July 31, 2007, petitioner's probation was summarily revoked on the grounds that he failed to provide proof of enrollment in and/or completion of a batterers' intervention program, parenting counseling and community service. *Id*. The trial court found a violation of probation but reinstated petitioner on probation. *Id*.

This federal petition involves the probation department filing a second violation of probation petition in May 2008, alleging that petitioner was terminated from the domestic violence program for failure to benefit and by failing to verify completion of his community service work. *Id*. After a contested hearing held on August 25, 2008, the trial court found petitioner violated both conditions of probation, revoked probation and sentenced him to three years in state prison. Answer, Exh. 16. Petitioner's direct appeals and state habeas petitions challenging the second probation hearing and revocation were all denied.

**STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *see Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes

in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *See Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

**DISCUSSION**

As grounds for federal habeas relief, petitioner asserts that: (1) his rights were violated by delays in holding the probation revocation hearing; (2) there was a delay in providing the transcript from the hearing; (3) his counsel was ineffective; and (4) his rights were violated by the loss of documents during a prison transfer. Docket No. 5, Amended Petition ("Petition") at 9-13.

**I. Timeliness of Revocation Hearing**

Petitioner claims that his revocation hearing was unreasonably delayed beyond forty-five days. Petition at 9.

**A. Standard**

With respect to the timing of revocation hearings, there is no clearly established federal law that requires a probation revocation hearing to take place within forty-five days, as petitioner claims. In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Supreme Court stated that a "revocation hearing must be tendered within a reasonable time after the parolee is taken into custody," and "[a] lapse of two months ... would not appear to be unreasonable." *Id*. at 488. The Ninth Circuit has construed *Morrissey's* holding to mean that delay in a revocation hearing constitutes a due process violation only when the "'delay in holding a revocation hearing was both unreasonable and prejudicial.'" *Camacho v. White*, 918 F.2d 74, 79 (9th Cir. 1990) (citations omitted).

///

///

United States District Court
For the Northern District of California

**B. Discussion**

Petitioner raised this claim in a state habeas petition that was denied without a reasoned opinion. Answer, Exhs. 21, 22. When the state court decision does not articulate the rationale for its determination or does not analyze the claim under federal constitutional law, a review of that court's application of clearly established federal law is not possible. *Delgado v. Lewis*, 223 F.3d 976, 981–82 (9th Cir. 2000). When confronted with such a decision, a federal court must conduct an independent review of the record and the relevant federal law to determine whether the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law. *Id*. at 982.

On May 15, 2008, there was an initial hearing regarding a petition for a modification of probation, and the formal revocation hearing was held on August 25, 2008, 102 days later. Other than citing the number of days, petitioner presents no arguments that this delay prejudiced him as required by *Camacho*. While 102 days is longer than the two months discussed in *Morrissey*, petitioner has failed to demonstrate any constitutional violation. Simply stating the delay was unreasonable is insufficient. Petitioner's "conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

It appears petitioner's reference to forty-five days involves a stipulated settlement and permanent inunction in *Valdivia v. Davis*, 206 F. Supp. 2d 1068 (E.D. Cal. 2002). However, this is not clearly established supreme court authority, so cannot provide habeas relief. Moreover, "a remedial court order, such as the one entered in the *Valdivia* case, does not create rights, privileges or immunities secured by the Constitution." *Soto v. Bd. of Prison Terms*, No. CIV S-07-0414 GEB DAD P, 2007 WL 4285381 *1 (E.D. Cal. Dec. 6, 2007) (citing *Green v. McKaskle*, 788 F.2d 1116, 1123-24 (5th Cir. 1986) (remedial decrees are means by which unconstitutional conditions are corrected but do not create or enlarge

constitutional rights). For all these reasons, this claim is denied.[1]

**II. Transcript**

Petitioner next argues that a delay in receiving the transcript from the revocation hearing that also contained inaccuracies, prevented him from effectively communicating with his appointed appellate attorney. Petition at 10.

**A. Standard**

The Supreme Court has recognized that substantive due process includes access to the courts and also a criminal defendant's right to obtain a trial transcript for purposes of appeal. *Mayer v. Chicago*, 404 U.S. 189, 193-95 (1971). A court need only provide an indigent defendant with a 'record of sufficient completeness' to prepare an appeal; irrelevant or extraneous portions of the transcript may be omitted. *Mayer*, 404 U.S. at 194-95 (citation omitted). A constitutional violation would occur only if the inaccuracies in the transcript adversely affected appellate review in the state courts. *Id.* A petitioner "must point to specific errors alleged to have occurred during the unrecorded portions to support a claim that the absence of a complete transcript resulted in prejudicial error requiring a new trial." *Bergerco, U.S.A. v. Shipping Corp. of India, Ltd.*, 896 F.2d 1210, 1215 (9th Cir. 1990).

**B. Discussion**

This claim was also denied without a reasoned opinion by the state court and petitioner's argument is difficult to understand. Petitioner was appointed an appellate attorney who filed a timely direct appeal on his behalf, that was ultimately denied. It is not clear how petitioner was unable to communicate with his attorney without a transcript or if the attorney had a transcript or if she was hindered by lack of a transcript. Petitioner simply makes this statement but provides no specific details or support nor does petitioner make any attempt to demonstrate any prejudicial error that resulted from the delay or

---

[1] As the court has denied this claim on the merits it will not address respondent's additional argument that the claim is procedurally barred as petitioner only objected to the final one week continuance to hold the revocation hearing.

inaccuracies of the transcript. These bare allegations are insufficient to warrant habeas relief. *See James*, 24 F.3d at 26.

**III. Ineffective Assistance of Counsel**

Petitioner states that counsel was ineffective for failing to adequately prepare for the revocation hearing. Petition at 11.

**A. Standard**

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id*.

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an “objective standard of reasonableness” under prevailing professional norms. *Strickland*, 466 U.S. at 687–88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that “there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.” *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.

**B. Discussion**

Petitioner contends that counsel failed to meet with him for several months despite repeated requests and only met with him a few days before the revocation hearing. Petitioner states that counsel failed to secure business documents and witnesses for the hearing. However, on the day of the hearing, petitioner requested and was granted the right to represent himself pursuant to *Faretta v. California*, 422 U.S. 806 (1975). Answer, Exh. 12 at 26-34. Any claim that counsel was ineffective at the hearing is denied as petitioner represented himself.

United States District Court
For the Northern District of California

Petitioner's claim that counsel was ineffective during the time prior to the hearing is also denied. Petitioner states that business documents and witnesses were not obtained, but fails to identify any documents or witnesses that were needed or explain how their absence adversely affected his case. Moreover, at the hearing the co-owner of the domestic violence program that petitioner was required to attend, testified as petitioner's witness. Petitioner has failed to identify specifically how counsel was ineffective, and even if counsel's performance was deficient there was no prejudice. This claim is denied.

**IV. Lost Legal Documents**

Finally, petitioner states that his legal documents were taken when he was transferred to a different prison and guards made it difficult for him to do legal research. Petition at 12. Petitioner has again presented conclusory statements and provides no specific information on how his appeals were harmed by these actions or even when this occurred. Moreover, after probation was revoked, petitioner was appointed appellate counsel who filed appeals on his behalf, thus it is not clear what issues he was researching and how it affected his appeal and if this occurred while represented by appellate counsel or while proceeding pro se. As petitioner has not explained how this claim challenges the legality of his confinement, it is denied.

**V. Appealability**

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

To obtain a COA, petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Section 2253(c)(3) requires a court granting a COA

to indicate which issues satisfy the COA standard.

Here, the court finds that one issue presented by petitioner in his petition meets the above standard and accordingly GRANTS the COA as to that issue. *See generally Miller-El*, 537 U.S. at 322. The issue is whether his rights were violated by delays in holding the probation revocation hearing.

Accordingly, the clerk shall forward the file, including a copy of this order, to the Court of Appeals. *See* Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

A Certificate of Appealability is **GRANTED**. *See* Rule11(a) of the Rules Governing Section 2254 Cases.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 6, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.10\Wang1453.HC.wpd